IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-380

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| TIMOTHY EVANS, ) | |
| ) | |
| Defendant. ) | |

On May 31, 2022, Timothy Evans ("Evans" or "defendant") moved to receive jail credit [D.E. 71]. On October 6, 2022, Evans moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 75] and filed exhibits [D.E. 75-1–75-6]. That same day, the court appointed Evans counsel [D.E. 76]. On October 19, 2022, the government responded in opposition to Evans's motion to receive jail credit [D.E. 78]. On November 29, 2022, the government responded in opposition to Evans's motion for compassionate release [D.E. 81]. As explained below, the court denies without prejudice Evans's motion to receive jail credit and denies Evans's motion for compassionate release.

I.

On January 24, 2019, pursuant to a written plea agreement, Evans pleaded guilty to distribute and possess with intent to distribute cocaine base ("crack") (count one). See [D.E. 39, 41]. On August 6, 2019, the court held Evans's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 45–46, 70]; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Evans's total offense level to be 29, his criminal history category to be VI, and

his advisory guideline range to be 151 to 188 months' imprisonment. See [D.E. 70] 5. After thoroughly considering all factors under 18 U.S.C. § 3553(a), the court sentenced Evans to 151 months' imprisonment. See [D.E. 70] 5–22; [D.E. 56–58]. Evans did not appeal.

On May 31, 2022, Evans moved to receive jail credit [D.E. 71]. On October 6, 2022, Evans moved pro se for compassionate release under the First Step Act [D.E. 75].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 269 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

2

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's

3

minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

Evans applied to his warden for compassionate release. See [D.E. 75-1] 2. Evans's application to his warden satisfied 18 U.S.C. 3582(c)(1)(A)'s exhaustion requirement. See Ferguson, 55 F.4th at 269. Moreover, the government does not raise 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirements. Therefore, the court addresses Evans's motion for compassionate release.

Evans seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (asthma, hypertension, pre-diabetes, obesity, sleep apnea, elevated cholesterol, and psoriasis), and his release plan. See [D.E. 75] 2–4. As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Evans claims that he is obese and has asthma, hypertension, pre-diabetes, sleep apnea, elevated cholesterol, and psoriasis and argues that his medical condition puts him at heightened risk of serious infection from COVID-19. See [D.E. 75] 2–4. Other than the risk from COVID-19, Evans does not argue that the BOP is not treating his medical conditions. See [D.E. 75]. Evans does not state or provide documentation about whether he has received the COVID-19 vaccine or whether he has refused the vaccine. See id. The vaccine, however, provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination

4

does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Evans from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Evans's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Evans's medical condition are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Evans's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Evans engaged in serious criminal conduct. See PSR [D.E. 45] ¶¶ 6–8. Moreover, before his federal conviction, Evans was convicted of six counts of resisting a public officer, five counts of possession with intent to sell and deliver cocaine, injury to real property, possession of stolen goods or property, driving while license revoked, trespassing, possession of marijuana, two counts of selling cocaine, two counts of delivering cocaine, simple assault, and fictitious information to an officer. See id. at ¶¶ 13–31. Evans also has a nearly non-existent work history. See id. at ¶¶ 47–50.

Evans states that he has completed multiple programs while in prison, has received multiple certificates while in prison, and has a low PATTERN recidivism risk score. See [D.E. 75] 3. The court must balance Evans's positive efforts while federally incarcerated with his serious criminal conduct, his horrible criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Evans's potential exposure to COVID-19, his medical conditions, and his release plan. Evans's release plan consists of residing with his wife and 21-year-

6

old son with autism. See [D.E. 75] 4. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Evans's arguments, the government's persuasive response, the need to punish Evans for his serious criminal behavior, to incapacitate Evans, to promote respect for the law, to deter others, and to protect society, the court denies Evans's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; Pepper, 562 U.S. at 480–81; Roane, 51 F.4th at 551–52; Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

Evans also requests home confinement under the CARES Act. See [D.E. 75]. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-DCK, 2020 WL 5535020, at *1 (W.D.N.C. Sept. 15, 2020) (unpublished), aff'd, 828 F. App'x 910 (4th Cir. Nov. 6, 2020) (per curiam) (unpublished); United States v. Gray, No. 4:12-CR-54-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). To the extent Evans is requesting that the court recommend home confinement to the BOP, the court declines. Thus, the court dismisses Evans's request for home confinement.

As for Evans's request for jail credit, Evans must exhaust administrative remedies with the BOP. Thus, the court denies without prejudice Evans's request for jail credit.

7

## III.

In sum, the court DENIES WITHOUT PREJUDICE defendant's motion to receive jail credit [D.E. 71] and DENIES defendant's motion for compassionate release [D.E. 75].

SO ORDERED. This 2 day of January, 2023.

JAMES C. DEVER III
United States District Judge